JOHN K. MURRELL, Respondent, v. EDWARD McGUIGAN, Appellant.

St. Louis Court of Appeals, December 15, 1896.

Election Contest: EVIDENCE: CONSTRUCTION OF CONSTITUTIONAL PRO-
VISION: JURISDICTION. When the evidence in a cause, on appeal, presents a state of fact demanding the construction and application of a constitutional provision, in order to determine the rights of the parties, the determination of the appeal is within the exclusive juris-diction of the supreme court.

*Appeal from the St. Louis City Circuit Court.*—HON. PEMBROOK R. FLITCRAFT, Judge.

TRANSFERRED TO SUPREME COURT.

No briefs filed.

BOND, J.—This is an election contest for a seat in the house of delegates, growing out of an election held in the nineteenth ward of this city on April 2, 1895. In specification (number 9) of grounds of contest it is alleged that the disputed ballots were not "numbered in the order in which they were received, nor were such ballots recorded by the election officers of said pre-cincts in the lists of votes opposite the name of the voter who presented said ballot, nor entered in said list or book at all." The return of the recorder of voters, made under an order of court to that effect,

shows that in six out of seven of the precincts embraced in said ward, the poll books did not contain a record of the voting number of the ballots cast at the election. The constitution requires as a means of identification of votes, that "every ballot shall be numbered in the order in which it shall be received, and the number recorded by the election officers on the list of voters opposite the name of the voter who presents the ballot." This provision has been held to be mandatory. *Lankford v. Gebhardt*, 130 Mo. 621–635. Its violation is alleged as one of the grounds of contestant's claim to the office in dispute. The evidence proves a state of facts which demand the construction and application of the aforesaid constitutional provision, in order to ascertain the rights of the parties. Hence, the determination of this appeal is within the exclusive jurisdiction of the supreme court. The appeal taken from the decision of the circuit court in favor of the contestant should have been to that tribunal. The cause will, therefore, be transferred to that court. All concur.